[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10660
Non-Argument Calendar

_____

D. C. Docket No. 99-00058-CR-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES CHRISTOPHER TURK,
a.k.a. Chris Turk,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(July 23, 2007)**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant James Christopher Turk appeals the district court's imposition of

24 months incarceration upon revocation of his supervised release. Turk argues that the above-guideline range sentence is unreasonable.

A district court's decision to exceed the advisory sentencing range in Chapter 7 of the Sentencing Guidelines, U.S.S.G. § 7B1.4, is reviewed for an abuse of discretion. *United States v. Silva*, 443 F.3d 795, 798 (11th Cir. 2006) (affirming imposition of 24 months incarceration where the guidelines advised 3 to 9 months) (revoking sentence under 18 U.S.C. § 3583(e)). We review the sentence imposed upon the revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006).

Section 3583 of Title 18 provides that a district court may revoke a term of supervised release and impose a sentence of imprisonment for the violation after considering factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7). 18 U.S.C. § 3583(e). The term imposed cannot exceed the statutory maximum. *See Sweeting*, 437 F.3d at 1107. However, revocation of supervised release is mandatory if, among other things, the defendant possesses a controlled substance in violation of the conditions of supervised release. 18 U.S.C. § 3583(g)(1). Additionally, consideration of rehabilitative needs or the other § 3553(a) factors is neither required nor prohibited when revocation of supervised release is mandatory under 18 U.S.C. § 3583(g). *United States v. Brown*, 224 F.3d

1237, 1241-42 (11th Cir. 2000) (affirming imposition of 24 months incarceration where guidelines advised 11 months).

For a Class A felony, the district court may not sentence a defendant for more than five years in prison.  18 U.S.C. § 3583(b)(1).  Chapter 7 of the Sentencing Guidelines addresses violations of supervised release and recommends a sentencing range of 3 to 9 months for a Grade C violation with a criminal history category of  I.  U.S.S.G. § 7B1.4.  We have consistently held that the policy statements of Chapter 7 are merely advisory and not binding.  *United States v. Aguillard,* 217 F.3d 1319, 1320 (11th Cir. 2000) (affirming imposition of 24 months incarceration where the guidelines advised 3 to 9 months).

Considering Turk's history and his violations of the conditions of his supervised release, we conclude from the record that the district court did not abuse its discretion in imposing a sentence that exceeded the recommended guideline-range, and that the ultimate sentence was reasonable.  Accordingly, we affirm Turk's sentence.

**AFFIRMED.**